# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 3, 2015

## STATE OF TENNESSEE v. MIKEL C. HAMRICK

**Appeal from the Criminal Court for Shelby County**
**No. 10-00991     James M. Lammey, Jr., Judge**

_____

**No. W2014-02307-CCA-R3-CD  - Filed April 20, 2015**

_____

The Defendant, Mikel C. Hamrick, pleaded guilty to aggravated burglary, especially aggravated stalking, domestic assault, and theft and received an effective four-year sentence to be served consecutively to the sentences he received in two unrelated cases.   Less than four years later, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct an illegal sentence on the ground that he pleaded guilty to the aggravated burglary of his own home, a legal impossibility.  The trial court summarily dismissed the motion for failure to state a colorable claim.  On appeal, he contends that the trial court erred in dismissing his motion.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Mikel C. Hamrick, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Senior Counsel; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

## OPINION

In January 2010, the Defendant was indicted for three counts of aggravated burglary, one count of especially aggravated stalking, two counts of theft, and one count of domestic assault.  Pursuant to the negotiated plea agreement, the Defendant pleaded guilty to one count each of aggravated burglary, especially aggravated stalking, theft, and domestic assault.  The trial court sentenced the Defendant to concurrent terms of four years for aggravated burglary, four years for especially aggravated stalking, eleven months, twenty-nine days for theft, and

eleven months, twenty-nine days for domestic assault. The court also ordered that the effective four-year sentence be served consecutively to the sentences imposed in two unrelated cases.

On May 6, 2014, the Defendant filed a motion to correct an illegal sentence relative to the aggravated burglary conviction. He contended that he was an owner of the habitation, that his conviction was not authorized by Tennessee statutes, and that his sentence was illegal. The trial court summarily denied the motion and found that the Defendant's allegations were "in the nature of ineffective assistance of counsel" and appropriate for post-conviction relief. The court noted that the sentence had expired and found that the Defendant's four-year sentence for aggravated burglary was not illegal.

On appeal, the Defendant contends that the trial court erred by denying his motion for a corrected sentence. He argues that his pleading "guilty to a sentence that was in direct contravention of the . . . applicable statute" resulted in a "nullity." He alleges that he was the owner of the habitation relevant to the aggravated burglary conviction and that his conviction contravenes the aggravated burglary statute.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id*. at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

The record reflects that the Defendant's assertion that his sentence for aggravated burglary is illegal focuses on the factual basis supporting the conviction. In essence, he argues that because he possessed ownership rights in the home related to the aggravated burglary conviction, his sentence for that offense is illegal. *See State v. Wade P. Tucker*, No. M2001-02298-CCA-R3-CD, 2002 WL 1574998, at *9 (Tenn. Crim. App. July 17, 2002) (reversing a defendant's conviction for aggravated burglary and dismissing the charge when the facts established that the defendant was a joint proprietor of the habitation and was not restrained or enjoined from the premises), *perm. app. denied* (Tenn. Dec. 23, 2002). The Defendant has not asserted the four-year sentence is unauthorized by statute or directly

contravenes any statute. As a result, the Defendant is challenging the sufficiency of the evidence to support his conviction for aggravated burglary, not the legality of the sentence imposed for the conviction. As a result, the trial court properly denied the motion for a corrected sentence pursuant to Rule 36.1 because the Defendant has failed to state a colorable claim.

The judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE